(SUPREME COURT.)

Browne and others<br>
*against*<br>
Robinson and Hartshorne.

ON a motion, by the defendant, to set aside the verdict in this cause, Mr. Justice LEWIS, before whom it was tried at the *October* term, 1799, made the following report.

" This was an action of assumpsit, for iron sold and delivered by the plaintiffs to the defendants.— Plea, the general issue. At the trial, the plaintiffs produced, as a witness, *Henry B. Franklin*, late a clerk of *Nicholas Cooke*, formerly of the city of *New-York*, merchant, deceased, who proved, that the iron mentioned in the declaration, was consigned by the plaintiffs to *Cooke*, to be sold by him, as their factor. That on or about the 7th day of *November*, 1796, as nearly as the witness could recollect, *Cooke* sold the iron to the defendants for the sum of 1080 dollars, payable at seventy days; but at the time of such sale, no notice was given to the defendants (nor was any evidence offered, to show that *York* may, by custom, sell on a credit, at the risk of their principal.

ALBANY.<br>
Browne and others<br>
v.<br>
Robinson and Hartshorne.

Where goods are sold by a known factor of a house, a set-off cannot be made against them by the purchaser, for a debt due from the factor in his own right, if the goods be actually those of his principal, though the factor do carry on business for himself, and nothing be said at the time of sale respecting the ownership of the goods. On a sale by the known factor of a house, the principal may immediately maintain an action against the vendee. Factors in New-

that they knew) that the sale was made by *Cooke*, as factor or agent, for the plaintiffs, or any other persons. He testified, however, that it was *generally known* that *Cooke* was factor to the plaintiffs ; but that he then transacted business as well on his own account, as upon commission.

" That after the delivery of the iron, and before the death of *Cooke*, the witness, as his clerk, called upon the defendants with a bill of parcels for the same, and requested their note for the amount, which they refused to give, alleging, that they held a note given to them by *Cooke*, for nearly the same amount, which would fall due about the same time, and that they intended to set it off against the amount of the iron. They at the same time showed the note to the witness.

" That *Cooke* was, at the time of the sale, and until, and at his death, indebted to the plaintiffs in the sum of 20,000 dollars and upwards. That after his death, and before the expiration of the credit of seventy days, one of the plaintiffs called with the witness, upon the defendants, and informed them that the iron was sold by *Cooke*, as factor of the plaintiffs, and, at the same time, gave notice, that they should expect payment of the same, upon which, one of the defendants answered to the plaintiff, that he did not know him, and would not pay him. It also appeared, that one of the plaintiffs, after the above conversation, became the administrator of *Cooke's* estate. It was also proved, that it is the custom of *New-York* for factors to sell on credit at the risk of the principal, and that it was the uniform usage in *Cooke's* store, to sell agreeably to such custom, and

that in this case, the goods were sold at the plaintiff's risk upon the common commission in such cases. The plaintiffs there rested their cause, and the defendants moved for a nonsuit, upon the ground that no offer of indemnity against the claims of *Cooke*, or his representatives, had been made by the plaintiffs to the defendants, which motion was overruled by the judge.

ALBANY.

Browne and
others
v.
Robinson and
Hartshorne.

" On the part of the defendants, evidence was then offered to be produced, that at the time of the sale of the said goods, and notice to pay the plaintiffs, they held *Cooke's* note, dated the 22d *July*, 1796, for 1080 dollars and 25 cents, payable in six months after the date, and that they had since held, and still did hold it, which note was intended to be offered as a payment. This evidence was objected to by the counsel for the plaintiffs, as inadmissible under the present issue, and that it would be equally so, if a notice had been annexed to the plea. Whereupon the judge rejected that evidence, and directed the jury, that the law was with the plaintiffs, and that the note of *Cooke* could not be set off under this issue. Upon which, the jury found a verdict for the plaintiffs for the price of the iron, with interest, from the expiration of the seventy days credit."

*Per Curiam.* Where goods are purchased from a factor *scienter*, with intent by the purchaser, to set off against the purchase, a demand which he may have against the *factor*, the principal may, in such case, and as on a sale made *immediately* by himself, have a suit against the *purchaser*, at any time before payment to the *factor*, every purchase so made with

intent solely thereby to obtain payment or security from the *factor* being, as against the *principal, frau-dulent.*

Motion refused.